***********
Upon review of the competent evidence of record with reference to the errors assigned, and after considering the briefs and oral arguments of the parties, the Full Commission is of the opinion that this matter needs to be reopened for receipt of additional evidence; however, an interlocutory order to address defendants' obligation to provide some current attendant care and medical treatment is necessary while this case is pending.
 ***********
As a result of his admittedly compensable fall from a height of approximately eighteen feet and striking his head on concrete, plaintiff sustained traumatic brain injury. Plaintiff currently has significant mental and physical deficits and is in need of attendant care. Dr. Hammond has prescribed attendant care for plaintiff since his discharge from Charlotte Institute of Rehabilitation on February 14, 2003. Defendants have not provided attendant care to plaintiff, despite the authorized treating physician's efforts to obtain such care. Plaintiff is seeking *Page 2 
payment for retroactive attendant care provided by family members and friends and ongoing attendant care as recommended by authorized treating physicians.
Defendants contend that if plaintiff needs attendant care, it should be less than 24 hours per day and that plaintiff is no longer disabled. Defendants further contend they did not have an opportunity to fully present their evidence at the hearing before the Deputy Commissioner.
Based upon the evidence of record, the Full Commission concludes that there is insufficient documentation of the time expended by family members and friends in providing past attendant care for plaintiff. The Full Commission further concludes that the record should be reopened for receipt of additional evidence from plaintiff and defendants. The Full Commission also concludes that due to mental deficits related to his injury plaintiff needs a guardian ad litem to assist him in prosecuting his claim and that an attorney should be appointed to serve as plaintiff's guardian ad litem.
IT IS THEREFORE ORDERED that:
1. Plaintiff's attorney shall locate an attorney who will agree to serve as plaintiff's guardian ad litem and shall submit the application for approval of the guardian ad litem to the Full Commission, directed to Bernadine S. Ballance, Commissioner, within 15 days from receipt of this order. Defendants shall pay for the services of the guardian ad litem, after bills for such services are approved by the Industrial Commission.
2. This case is referred to Karen Smith of the North Carolina Industrial Commission Nurse's Section for assignment of an Industrial Commission Nurse on an expedited basis. Plaintiff's counsel shall provide the Industrial Commission Nurse with contact information for the plaintiff and the guardian ad litem appointed to assist plaintiff. The Industrial Commission Nurse shall evaluate plaintiff's current needs, including the sufficiency of his current housing *Page 3 
arrangements, his access to medical care and the availability of family, community and other support resources. The Industrial Commission Nurse shall make any recommendations deemed appropriate for plaintiff's medical and rehabilitation needs, including whether a medical case manager should be assigned to plaintiff's case. The Industrial Commission Nurse shall report each contact with plaintiff or his guardian ad litem to the parties and to the Full Commission.
3. This case is referred to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for the gathering of additional evidence with respect to the following:
 (a) Since defendants contend they were deprived of an opportunity to present the full testimony of its witness, Debbie Wentz, the Deputy Commissioner shall allow Ms. Wentz to appear and testify fully at a hearing. Defendant Key Risk is ordered to provide a complete un-redacted file of all contacts Ms. Wentz had with plaintiff's claim, including e-mails, and other communications with anyone related to the claim. Any objections shall be submitted to the Deputy Commissioner in advance of hearing for a ruling. Defendant Key Risk shall also provide the complete file generated during the time any other adjuster was assigned to plaintiff's claim. Defendants' attorney shall within three business days after receipt of this order, serve a copy of this order on the appropriate person at Defendant Key Risk who has the authority to fully comply with this order.
 (b) Since plaintiff is seeking reimbursement for attendant care already provided, the Full Commission needs documentation of the time spent by plaintiff's daughter and plaintiff's other family members and friends in *Page 4 
providing attendant care services to plaintiff. This testimony shall be taken by telephone deposition in lieu of appearing at the hearing if these witnesses are out of state, out of the country, or it would otherwise place an undue burden for a witness to appear. The parties may stipulate to other means of providing the documentation the Full Commission is requesting.
 (c) This matter shall be set for hearing on an expedited basis after allowing time for appointment of a guardian ad litem. The Deputy Commissioner shall gather the evidence and submit it to the Full Commission for determination.
4. Defendants shall pay for any periods of past attendant care, not disputed, at the same rate awarded by Deputy Commissioner Glenn. These payment rates will be adjusted and credited according to the final Opinion and Award by the Full Commission subsequently entered herein. It appears from the record that plaintiff's daughter provided substantial attendant care immediately after his release from the Charlotte Institute of Rehabilitation, which can reasonably be documented.
5. Defendants shall submit any voluntary reimbursements for past attendant care to plaintiff's attorney, outlining the period of payment, rates of pay and the number of daily hours being paid to the family member or other caretaker. Plaintiff's counsel is awarded 25% of such payments as his attorney's fee and shall deduct said attorney's fee and pay the balance to the person to whom such payment is directed.
6. Defendants shall, within 15 days from receipt of this order, provide, without prejudice, ongoing attendant care services to plaintiff at 12 hours per day. Defendants shall *Page 5 
provide the certified nursing assistance through an agency, unless the parties in consultation with the Industrial Commission Nurse can agree upon a different arrangement. The parties shall confer and notify the Full Commission of the substance of any agreements reached.
7. Dr. Flora Hammond, Dr. Lori Grafton and Dr. Jeffrey Ewert shall continue to be Plaintiff's authorized treating physicians. Dr. Hammond shall be primarily responsible for managing plaintiff's medical care, including making referrals to other physicians or health care providers at Charlotte Institute of Rehabilitation or at other locations. Defendants shall authorize and pay for the treatment provided by health care providers to whom plaintiff is referred, or timely seek an order from the Industrial Commission to deny preauthorization for such treatment.
This the ___ day of August 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1